IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH,  | 1:09-cv-01243-GSA (PC) |
| Plaintiff, | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| vs. | (Docs. 8, 9, 10.) |
| M. VEGIANELLI, et al., | ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL |
| Defendants. | (Doc. 12.) |
| _____/ | |

## I. BACKGROUND

Plaintiff, Lawrence L. Marsh ("Plaintiff"), is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on July 17, 2009. On October 2, 2009, November 5, 2009, and November 16, 2009, Plaintiff filed motions for the court to reconsider its order of September 9, 2009, which denied Plaintiff's motion for appointment of counsel. (Docs. 8, 9, 10.) On November 23, 2009, Plaintiff renewed his motion for appointment of counsel. (Doc. 12.)

## II. MOTION FOR RECONSIDERATION

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D. C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local

Rule 78-230(k)(3).

In his first motion for appointment of counsel, filed on August 31, 2009, Plaintiff requested counsel based on his inability to litigate this action due to mental incapacity, frequent hospitalization, physical weakness, forgetfulness, and urgency of his claim. (Docs. 6, 7.) Plaintiff now bases his motions for reconsideration on his mental and physical incapacities, his inexperience with the law, the complexity of his case, and his likelihood of success in this action. (Docs. 8, 9, 10.)

In deciding the first motion for appointment of counsel, the Court considered both the likelihood of success of the merits and Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Plaintiff has not shown any new or different facts or circumstances to merit reconsideration of the first motion for appointment of counsel. Therefore, the motions for reconsideration shall be denied.

### III. RENEWED MOTION FOR COUNSEL

With regard to Plaintiff's renewed motion for counsel, filed November 23, 2009, Plaintiff is already aware that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Only in certain exceptional circumstances will the court request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Plaintiff argues that he requires counsel to engage in discovery, schedule a pretrial conference, and prepare a settlement offer to defendants in this action. At this stage of the proceedings, none of the defendants has been served with process or appeared in this action, and requests for discovery, pretrial conference, and a settlement would be premature. The Court does not find that Plaintiff cannot articulate his claims, and it is too early in the litigation for the Court to make a determination that Plaintiff is likely to succeed on the merits. See id. Therefore, Plaintiff's renewed motion for appointment of counsel shall be denied.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration of the Court's September 3, 2009 order denying appointment of counsel are DENIED; and

2. Plaintiff's renewed motion for the appointment of counsel, filed on November 23, 2009, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 30, 2009**            **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE