# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH, | 1:09-cv-01243-GSA-PC |
| Plaintiff, | ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | (Docs. 8, 9, 10, 17, 18.) |
| M. VEGIANELLI, et al., | |
| Defendants. | |

**I.     BACKGROUND**

Plaintiff, Lawrence L. Marsh ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 17, 2009. (Doc. 1.) On August 19, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, and no other party has appeared in this action. (Doc. 5.) On January 6, 2010, Plaintiff filed an amended complaint. (Doc. 16.) On February 3, 2010, Plaintiff filed a motion to amend the complaint, which was granted by the Court by separate order.

Plaintiff filed motions for preliminary injunction on October 2, 2009, November 5, 2009, November 16, 2009, January 6, 2010, and February 3, 2010. (Docs. 8, 9, 10, 17, 18.) The motions for preliminary injunction are now before the Court.

///

## II. MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

By separate order, the Court granted Plaintiff's motion for leave to file a Second Amended Complaint, which is due within thirty days. After the Second Amended Complaint is filed, the Court is required to conduct a screening to determine if Plaintiff states any cognizable claims. None of the defendants have yet appeared in this action. Therefore, at this stage of the proceedings, the court

1 does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Once the Court has before it a pleading that states a claim for relief, thereby satisfying the actual case or controversy requirement, Plaintiff may seek preliminary injunctive relief that is sufficiently related to his cognizable legal claims to confer jurisdiction on the Court to award the relief sought. Lyons, 461 U.S. at 101; Jones, 444 F.3d at 1126; 18 U.S.C. § 3626(a)(1)(A). Until such time, a request for preliminary injunctive relief is premature, and Plaintiff's motions must be denied.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court finds it lacks jurisdiction at this juncture to grant preliminary injunctive relief. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for preliminary injunctive relief, filed October 2, 2009, November 5, 2009, November 16, 2009, January 6, 2010, and February 3, 2010, are DENIED.


IT IS SO ORDERED.

Dated: **February 16, 2010**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE