IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH, | 1:09-cv-01243-GSA (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL |
| vs. | |
| M. VEGIANELLI, et al., | (Doc. 17.) |
| Defendants. | |
| _____/ | |

**I.   BACKGROUND**

Plaintiff, Lawrence L. Marsh ("Plaintiff"), is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint on July 17, 2009.  On January 6, 2010, Plaintiff filed a motion for reconsideration of the Court's order of November 30, 2009, which denied his motion for appointment of counsel.  (Doc. 17.)

**II.   MOTION FOR RECONSIDERATION**

Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D. C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 78-230(k)(3).

In his first motion for appointment of counsel, filed on August 31, 2009, Plaintiff requested counsel based on his inability to litigate this action due to mental incapacity, frequent hospitalization, physical weakness, forgetfulness, and urgency of his claim. (Docs. 6, 7.) Plaintiff based his prior motions for reconsideration on his mental and physical incapacities, his inexperience with the law, the complexity of his case, and his likelihood of success in this action. (Docs. 8, 9, 10.) In his prior renewed motion for appointment of counsel, Plaintiff argued he requires counsel to engage in discovery, schedule a pretrial conference, and prepare a settlement offer to defendants in this action. (Doc. 12.) In the instant motion, Plaintiff requests consideration of his prison confinement coupled with the complexity of his serious medical conditions and anxiety, and his inability to litigate and investigate.   Plaintiff also contends he has a right to counsel under the Sixth Amendment.

Plaintiff has not shown any new or different facts or circumstances to merit reconsideration of the Court's order denying appointment of counsel, and the Court has previously advised Plaintiff that he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Therefore, the motion for reconsideration shall be denied.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed January 6, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **February 16, 2010**            **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE