UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH, | 1:09-cv-01243-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | (Doc. 28; also Doc. 31 Resolved.) |
| JAMES YATES, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Plaintiff, Lawrence L. Marsh ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 17, 2009. (Doc. 1.)  On August 19, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, and no other party has appeared in this action. (Doc. 5.)   Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On January 6, 2010, Plaintiff filed the First Amended Complaint. (Doc. 16.) On February 3, 2010, Plaintiff filed a motion to amend the complaint, which was granted by the Court on February 17, 2010. (Docs. 18, 20.)  On April 30, 2010, Plaintiff filed the Second Amended Complaint, against numerous defendants employed at Pleasant Valley State Prison ("PVSP") in

1  Coalinga, California and the California Correctional Institution ("CCI") in Tehachapi, California.
2  (Doc. 25.) Plaintiff brings claims for violation of his constitutional rights including deliberate
3  indifference, retaliation, improper classification, equal protection violations, inadequate medical
4  care, religious restrictions, due process violations, excessive force, deprivation of outside exercise,
5  failure to protect, and violations of the Americans with Disabilities Act. (Id.)

6  On July 2, 2010, Plaintiff filed a motion for preliminary injunction, which is now before the
7  Court.[1] (Doc. 28.)

8  **II.   PRELIMINARY INJUNCTION**

9  "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
10 Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff
11 seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
12 likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
13 in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An
14 injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376
15 (citation omitted) (emphasis added).

16 Federal courts are courts of limited jurisdiction and in considering a request for preliminary
17 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
18 it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
19 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
20 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or
21 controversy before it, it has no power to hear the matter in question. Id. Requests for prospective
22 relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
23 requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary
24 to correct the violation of the Federal right, and is the least intrusive means necessary to correct the
25 violation of the Federal right."

26

---

27
28  [1]On August 20, 2010, Plaintiff filed a motion for the Court to advise him whether his motion for preliminary injunction dated May 24, 2010, had been received by the Court after he mailed it on June 30, 2010. (Doc. 31.) By this order, the Court acknowledges receipt of the motion for preliminary injunction on July 2, 2010.

1  Plaintiff has requested a court order prohibiting the defendants, or their agents, from "doing
2  harmful and unconstitutional things" to Plaintiff, and requiring defendants "to act in a way that will
3  prevent them from continuing to violate [P]laintiff's rights." (Motion, Doc. 28 at p. 27.) The
4  defendants in this action are employees at PVSP and CCI. According to Plaintiff's address of record
5  at the Court, Plaintiff is now housed at Corcoran State Prison ("CSP").[2]  Because Plaintiff is no
6  longer subjected to the actions of employees at PVSP or CCI, his motion for a court order prohibiting
7  those employees' actions is moot.

8  Further, the order requested by Plaintiff would not remedy any of the claims upon which this
9  action proceeds. This action is proceeding against defendants based on events occurring in 2008 and
10 2009. Plaintiff now requests a court order protecting him from present and future actions by
11 defendants. Because such an order would not remedy any of the claims upon which this action
12 proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion
13 must be denied.

14 Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction
15 over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the*
16 *rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719,
17 727 (9th Cir. 1985) (emphasis added). Because none of the defendants have appeared in this action,
18 the Court does not have jurisdiction to issue an order prohibiting them from acting against Plaintiff.

19 **III.    CONCLUSION**

20 Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary
21 injunction, filed July 2, 2010, is DENIED.

23 IT IS SO ORDERED.

24 Dated: **January 24, 2011**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] On January 3, 2011, Plaintiff filed a Notice of Change of Address, changing his address from CCI to CSP. (Doc. 34.)

3