# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LAWRENCE L. MARSH,                                  1:09-cv-01243-GSA-PC

        Plaintiff,                          ORDER DENYING PLAINTIFF'S MOTION
                                                   FOR RECONSIDERATION
  vs.                                            (Doc. 36.)

JAMES YATES, et al.,

        Defendants.

_____/

## I.      BACKGROUND

Lawrence L. Marsh ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 19, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, and no other party has appeared in this action. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 2, 2011, Plaintiff filed a motion for reconsideration of the Court's order denying his motion for preliminary injunction. (Doc. 36.)

## II.     MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

1

and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Plaintiff's present motion is his disagreement with the Court's decision entered on January 25, 2011, which denied Plaintiff's motion for preliminary injunction filed on July 2, 2010.  Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.  Plaintiff's disagreement is not sufficient grounds for relief from the order.  Westlands Water Dist., 134 F.Supp.2d at 1131.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on February 2, 2011, is DENIED.


IT IS SO ORDERED.

**Dated:    April 21, 2011**           **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE