# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH, | 1:09-cv-01243-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE TWO ACTIONS |
| vs. | (Doc. 36.) |
| JAMES YATES, et al., | |
| Defendants. / | |

**I.   BACKGROUND**

Lawrence L. Marsh ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 2, 2011, Plaintiff filed a motion to consolidate the present action with another pending action filed by Plaintiff at this Court. (Doc. 36.)

**II.   CONSOLIDATION OF ACTIONS**

Consolidation is governed by Rule 42(a), which provides, "If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all of the matters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977). The grant or denial of a motion to consolidate rests in the trial

1

court's sound discretion, and is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Plaintiff currently has two actions pending at this Court, the present action 1:09-cv-01243-GSA-PC Marsh v. Yates ("Case 1"), and a subsequently-filed action 1:10-cv-02353-OWW-GSA-PC Marsh v. Brown ("Case 2"). Plaintiff requests consolidation of these two actions, arguing that both cases concern the actions of government workers, and he "continues to be subjected to the actions of employees at PVSP [and] CCI who continue to act under the color of State law." Motion at ¶II.

The Court has reviewed Plaintiff's two pending actions and finds that consolidation would confuse the issues. Although Plaintiff alleges in both cases that he was improperly classified at the wrong custody level, the facts, defendants and claims in the two cases are markedly different. Case 1 names more than twenty defendants who are all CDCR employees at Pleasant Valley State Prison, whereas Case 2 names only two defendants, Governor Jerry Brown and Past-Governor Arnold Schwartzenegger. Case 1 includes multiple civil rights claims for inadequate medical care, failure to protect Plaintiff, retaliation, conspiracy, and violation of Plaintiff's right to exercise religion, whereas Case 2 primarily concerns the violation of Plaintiff's rights under the Americans with Disabilities Act. The facts in Case 1 concern events beginning in August 2003 at Pleasant Valley State Prison, whereas the facts in Case 2 begin with a classification committee hearing held in November 2010 at the California Correctional Institution. Any judicial convenience resulting from consolidation of these two actions would be outweighed by potential confusion of the issues which would delay, rather than expedite, the resolution of the cases. Rule 18 of the Federal Rules of Civil Procedure prohibits a plaintiff from proceeding in one action on a myriad of unrelated claims against different defendants, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). For these reasons, the Court shall deny Plaintiff's motion to consolidate.

1  **III.   CONCLUSION**

2      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to consolidate his two
3  pending actions at this Court, filed on February 2, 2011, is DENIED.

5      IT IS SO ORDERED.

6      Dated:   **April 21, 2011**                          **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE