# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH,  Plaintiff,  v.  M. VEGIANELLI, et al.,  Defendants. | 1:09-cv-01243-GSA-PC  ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF  (Doc. 46.) |

**I.     BACKGROUND**

Lawrence L. Marsh ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 17, 2009. (Doc. 1.)

On August 19, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, and no other party has appeared in this action. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This case now proceeds on the Third Amended Complaint filed on July 7, 2011, against defendants CCII Cano, CCI Lovell, Dr. Rohrandanz, and CCI Morgan for failing to protect Plaintiff, in violation of the Eighth Amendment. (Doc. 45.)

On August 1, 2011, Plaintiff filed a motion to compel defendants to return his personal property, to stop retaliating against him, and to follow prison policies. (Doc. 46.) Plaintiff's motion is now before the Court.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff alleges that defendants retaliated against him by confiscating his typewriter, legal papers, and other personal property, arbitrarily transferring him to North Kern State Prison, and then claiming that his property had been lost. Plaintiff requests a court order to stop defendants from acting in violation of the Constitution and against prison policy, and requiring defendants to return his personal property.

At this stage of the proceedings, the Court does not have jurisdiction over any of the defendants in this action. None of the defendants has been served or appeared in this action. "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985)

(emphasis added). Because none of the defendants has been served or appeared in this action, the Court does not have jurisdiction to issue an order prohibiting them from acting against Plaintiff or requiring them to act.

Moreover, the court lacks jurisdiction to issue the order sought by Plaintiff, because the order will not remedy any of the claims upon which this action proceeds. This action proceeds only on Plaintiff's claims in the Third Amended Complaint for defendants' failure to protect him in violation of the Eighth Amendment. These claims are based on events occurring before July 17, 2009, the date this action was filed. Plaintiff now requests a court order protecting him from present and future actions by prison officials, including retaliation and loss of property. Such an order will not remedy any of the claims in this action.

## III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on August 1, 2011, is DENIED.

IT IS SO ORDERED.

Dated: __February 6, 2012__        _____/s/ Gary S. Austin_____
                                    UNITED STATES MAGISTRATE JUDGE