# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. VEGIANELLI, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:09-cv-01243-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS<br>(Doc . 67.)<br><br>ORDER GRANTING REQUEST FOR COPY OF DOCKET SHEET<br><br>ORDER DENYING REQUEST FOR FREE COPIES OF CASE DOCUMENTS<br><br>ORDER FOR CLERK TO SEND COPY OF DOCKET SHEET TO PLAINTIFF |

**I.   BACKGROUND**

Lawrence L. Marsh ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 17, 2009. (Doc. 1.) This action now proceeds on the Third Amended Complaint filed on July 7, 2011, against defendants Cano, Lovell, Rohrandanz, and Morgan ("Defendants") for failure to protect Plaintiff, in violation of the Eighth Amendment.[1]  (Doc. 45.)

---

[1] On November 30, 2011, the Court dismissed all other claims and defendants from this action, based on violation of Rule 18(a) and Plaintiff's failure to state a claim. (Doc. 51.)

1

On April 30, 2012, Plaintiff filed a request for entry of default and a motion for default judgment, a request for a copy of the court docket for this case, and a request for free copies of case documents. (Doc. 67.)

## II.	ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Plaintiff argues that default should be entered against Defendants because Defendants were served with a copy of the summons and complaint and have not pled or issued an answer, although more than twenty days has passed since the date of service.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Serving a motion Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

**Discussion**

***Defendants Cano, Lovell, and Morgan***

In this action, the United States Marshal ("Marshal") mailed Waiver of Service forms on behalf of Plaintiff to defendants Cano, Lovell, and Morgan on December 27, 2011. (See Doc. 55 at 2,4,6.) Counsel for Defendants signed the forms on January 30, 2012, and returned them to the Marshal. (See Doc. 55 at 1,3,5.) The Marshal received the completed forms on February 8, 2012 and filed them at the Court on February 15, 2012. Id. Based on this evidence, the Court concludes that defendants Cano, Lovell, and Morgan timely waived service under Rule 4(d), causing their

2

"answer or motion under Rule 12" to be due "within 60 days after 12/27/11," on February 27, 2012.[2] Id.

### *Defendant Rohrandanz*

The Marshal mailed a Waiver of Service form on behalf of Plaintiff to defendant Rohrandanz on December 27, 2011. (See Doc. 63 at 2.) The Marshal received notice on January 30, 2012 that defendant Rohrandanz was not employed at the facility and forwarded the mail to the CDCR. (Id.) Counsel for Defendants signed the form on February 24, 2012 and returned it to the Marshal. (Id. at 1.) The Marshal received the completed form on March 5, 2012 and filed it at the Court on March 26, 2012. Id. Based on this evidence, the Court concludes that defendant Rohrandanz timely waived service under Rule 4(d), causing the "answer or motion under Rule 12" to be due "within 60 days after 2/6/12," on April 6, 2012. Id.

### *Defendants' Motion to Dismiss*

On February 27, 2012, defendants Cano, Lovell, Morgan, and Rohrandanz filed a timely motion to dismiss for failure to exhaust administrative remedies, which is an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); (Doc. 56.)  Because Defendants filed a timely motion to dismiss under Rule 12(b), the Court finds no evidence that any of the Defendants failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default or default judgment against any of the Defendants.

## III.    REQUEST FOR COPY OF DOCKET SHEET

Plaintiff requests a copy of the "Courts register of documents received and issued to the Plaintiff by the court from the date of inception of this case," which the Court refers to as a Docket Sheet. (Doc. 67 at 2:13-15.) Plaintiff's request shall be granted.

///

///

---

[2] In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(). In this instance, 60 days from December 27, 2011 was February 25, 2012, which was a Saturday. Therefore, the 60 day-deadline for defendants Cano, Lovell, and Morgan to file an answer or response was Monday, February 27, 2012.

3

## IV. REQUEST FOR FREE COPIES

Plaintiff also requests free photocopies of case documents from the court record. Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees. The fact that the Court has granted leave for Plaintiff to proceed in forma pauperis does not entitled him to free copies of documents from the Court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. To request copies at this juncture, Plaintiff must submit a request in writing to the Clerk, a large self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk. Plaintiff is advised that in the future, he should keep a copy of any document he submits to the Court. Based on the foregoing, this request shall be denied.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for entry of default and motion for default judgment against Defendants are DENIED;
2. Plaintiff's request for a copy of the Docket Sheet for this case is GRANTED;
3. Plaintiff's request for free copies of case documents is DENIED; and
4. The Clerk is DIRECTED to send Plaintiff a copy of the Docket Sheet for this case.

IT IS SO ORDERED.

Dated:   **November 9, 2012**           /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE

4