UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. MARSH,<br><br>   Plaintiff,<br><br> vs.<br><br>M. VEGIANELLI, et al.,<br><br>   Defendants. | 1:09-cv-01243-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE (Doc. 71.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I. BACKGROUND**

On April 5, 2012, the Court issued an order requiring Plaintiff to file a response to Defendants' February 27, 2012 motion to dismiss for failure to exhaust remedies, within thirty days. (Doc. 64.)  On April 18, 2012, Plaintiff filed an opposition to the motion to dismiss. (Doc. 65.)  On April 25, 2012, Defendants filed a reply to the opposition.  (Doc. 66.)

On April 30, 2012, Plaintiff filed an amended opposition to the motion to dismiss. (Doc. 68.)  On May 21, 2012, Defendants filed a reply to the amended opposition.  (Doc. 69.)

On August 23, 2012, following the Ninth Circuit's decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), the Court entered an order allowing Plaintiff the opportunity to withdraw his amended opposition and file a second amended opposition, within thirty days.[1]

---

[1] On July 6, 2012, in Woods, the Ninth Circuit decided that the district court is required to provide a pro se prisoner litigant with fair notice of requirements needed to defeat a motion for summary judgment or motion to dismiss for failure to exhaust remedies *at the time of the motion, rather than generic notice at the outset of the litigation*.  Woods, 684 F.3d at 938-940 (emphasis added).  Thus, although the Court had provided Plaintiff with the requisite fair notice at the outset of this action, the Court provided notice to Plaintiff again on July 10, 2012 and August 23, 2012, and allowed Plaintiff the opportunity to withdraw his prior amended opposition and file a second amended opposition.  (Docs. 70, 71, 72.)

1 (Doc. 71.) Plaintiff requested and was granted multiple extensions of time to file the second amended opposition. (Docs. 73, 74, 77, 79, 84, 85, 87, 88.) The Court's most recent order, issued on February 8, 2013, granted Plaintiff an additional forty-five days in which to file the second amended opposition. (Doc. 88.) The forty-five day time period has now expired, and Plaintiff has not filed a second amended opposition or otherwise responded to the Court's order.

## II.   DISMISSAL OF ACTION FOR FAILURE TO COMPLY

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than three years. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by defending his lawsuit against dismissal by Defendants. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to Defendants' motion to dismiss that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the stage of

these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that more than a year has passed since Defendants filed the motion to dismiss, and seven months have passed since Plaintiff indicated his intention to file a second amended opposition.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed, with prejudice, based on Plaintiff's failure to obey the Court's order of August 23, 2012, and failure to prosecute this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty days** after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 22, 2013**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE